**Ramin NIKOOSERESHT,**
Petitioner–Appellee,

v.

**Ben CURRY, Respondent–Appellant.**

No. 07–16354.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 9, 2010.

Resubmitted March 17, 2011.

Filed March 23, 2011.

---

Steve Defilippis, Picone & Defilippis, San Jose, CA, for Petitioner–Appellee.

Amber N. Wipfler, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellant.

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner Ramin Nikooseresht is serving a prison sentence of 15 years to life for the 1992 murder of his girlfriend. In 2004, the parole board denied him parole. The California courts denied Petitioner's habeas petition, concluding that there was "some evidence" to support the board's decision. Petitioner sought federal habeas relief, which the district court granted on the ground that the state courts had unreasonably applied clearly established federal law concerning due process, by failing to satisfy California's "some evidence" standard. The state timely appealed, arguing only that this is not a proper ground for federal habeas relief. That is, the state does not argue that, in fact, there is "some evidence" of Petitioner's current or future dangerousness.

* This disposition is not appropriate for publication and is not precedent except as provided

After this appeal began, the Supreme Court decided *Swarthout v. Cooke,* —— U.S. ——, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam). Although Petitioner argues that *Swarthout* leaves open a question about the proper outcome here, we are not persuaded. The Supreme Court held that the Federal Due Process Clause requires a California inmate to receive only "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 862. Petitioner received both. Moreover, the Court expressly held that due process does not mandate "correct application of the State's 'some evidence' standard." *Id.* at 861. Accordingly, even if the district court correctly concluded that the state misapplied its "some evidence" standard, habeas relief is not available to Petitioner.

REVERSED.

by Ninth Circuit Rule 36–3.